Robert C. Stevens *(admitted pro hac vice)*
Daniel P. Hart *(admitted pro hac vice)*
Erin McPhail Wetty (*admitted pro hac vice*)
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3962
Telephone (404) 885-1500
Facsimile (404) 892-7056
bstevens@seyfarth.com
dhart@seyfarth.com

David B. Rosenbaum, SBN 009819
Scott W. Rodgers, SBN 013082
OSBORN MALEDON, P.A.
2929 North Central Avenue, Suite 2100
Phoenix, Arizona 85012
Telephone: (602) 640-9345
Facsimile: (602) 640-9050
drosenbaum@omlaw.com
srodgers@omlaw.com

Attorneys for Plaintiff Unisource Worldwide, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| UNISOURCE WORLDWIDE, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>TROY SWOPE, et al.<br><br>Defendants. | No.   2:12-cv-02036-NVW<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT TROY SWOPE** |

Plaintiff Unisource Worldwide, Inc. ("Unisource'") moves under Rules 33, 34, and 37 of the Federal Rules of Civil Procedure for entry of an Order compelling Defendant Troy Swope to provide sworn answers to Interrogatories Nos. 9 and 10 from Unisource's Second Set of Interrogatories and to produce documents responsive to Requests Nos. 2 and 4-7 from Unisource's Second Request for Production of Documents. (*See* Unisource's Second Interrogs. and Requests for Prod., attached hereto as Exhibits 1 and 2,

15670086v.8

and Swope's responses, attached hereto as Exhibits 3 and 4.)[1]  These interrogatories and requests for production seek information regarding Swope's work for and communications with Wham-O, Inc. (a toy company) and Sprig Toys, Inc. and their executives Kyle Aguilar and Mike Rosales (collectively "Third Parties") and relate to numerous issues in this case, most notably the following:

(1)  Swope's work for a competitor of Unisource doing business as Sprig Technologies (of which he is now President)[2] in potential violation of his Confidentiality, Noncompetition, Nonsolicitation and Invention Assignment Agreement with Unisource ("Swope Agreement") and the Court's Preliminary Injunction Order [Dkt. 38]; and

(2)  Swope's compliance with this Court's requirement [Dkt. 38 ¶ 6] that the parties negotiate in good faith a position that Swope could perform in compliance with the Preliminary Injunction Order.

Information relating to Swope's work for a competitor and compliance with the Court's Preliminary Injunction Order could not be more relevant to this non-compete and trade secret action.  Despite this, Swope has refused to provide the requested information or to produce all but a handful of responsive documents, even though it is undisputed that Swope is in possession of numerous other responsive e-mails.  (*See* Log produced by Third Parties, attached hereto as Exhibit 5.)  Indeed, for over five months Unisource has

---

[1] Pursuant to L.R. 37.1(a), Unisource attaches to this Motion an Appendix providing the text of the specific discovery requests and responses at issue and a summary of the reasons why Swope's responses to those requests are deficient.

[2] Unisource recently discovered that Swope has informed Unisource's customers that he is now President of Sprig Technologies, a new entity that he describes as a "spin off from Sprig Toys, Inc." that "will focus on growth around a key eco-friendly injection molding technology and material."  Shortly after or around the same time that Swope made this announcement a new entity called "Sprig Tech, LLC" was created.  (*See* Corporate Registration Information regarding Sprig Tech, LLC from Delaware Department of State Division of Corporations, attached hereto as Exhibit 6.)

15670086v.8

sought to obtain the requested information from both Swope and from the Third Parties but has encountered repeated stonewalling.

Notably, earlier this week Magistrate Judge John E. McDermott of the United States District Court for the Central District of California ordered the Third Parties to produce the same documents pursuant to subpoenas that Unisource served on them. *See* Order Granting Motion to Compel [C.D. Cal. Dkt. 22], *Unisource Worldwide, Inc. v. Swope, et al.*, No. 2:13-cv-02822-DSF-JEM (C.D. Cal. May 14, 2013) (attached hereto as Exhibit 7). Judge McDermott ruled that the Third Parties' arguments for not producing the documents lack merit and ordered the Third Parties to produce the documents by May 21, 2013. (*Id.* at 3-4.) Moreover, recognizing that Swope and the Third Parties may not be in possession of all the same responsive documents, Judge McDermott ruled that, if the Third Parties direct Swope to produce the documents for him, they must still produce any additional documents in their possession not produced by Swope. (*Id.* at 4.) For the reasons set forth below, this Court should adopt the same approach taken by Judge McDermott and order Swope to respond properly to Unisource's interrogatories (which were not at issue in the California dispute) and to produce the requested documents, including any responsive documents in his possession not produced by the Third Parties.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

As the Court is aware, this is an action for injunctive relief and damages brought by Unisource against Swope, its former Senior Vice President of Business Development and Technical Packaging for Unisource Global Solutions ("UGS")[3] (*See* Second Am. Compl. [Dkt. 64].) On September 25, 2012, Unisource filed this action asserting numerous claims against Swope, including breach of non-competition and non-solicitation covenants, fraud,

---

[3] UGS is a division of Unisource that designs, sources, sells, and distributes sustainable, eco-friendly packaging material, including injection molding technology and material. (Second Am. Compl. [Dkt. 64] ¶ 31.)

3

15670086v.8

and violation of the Arizona Trade Secrets Act. (*See* Compl. [Dkt. 1].) With its initial Complaint, Unisource also filed a Motion for Temporary Restraining Order [Dkt. 7], and the parties stipulated to a Temporary Restraining Order ("TRO") subsequently entered by this Court [Dkt. 15]. In addition, following Unisource's discovery of additional malfeasance by Swope (including spoliation of evidence) that is set forth in detail in Unisource's Motion to Find Swope in Contempt of Court [Dkt. 33], the Court entered a Consent Order finding Swope in civil contempt of Court. [Dkt. 53].

On November 13, 2013, the Court entered a Preliminary Injunction ("PI") prohibiting Swope from acquiring, using, or disclosing Unisource's trade secrets or other confidential and/or proprietary information and prohibiting Swope from competing against Unisource or otherwise violating the restrictive covenants in his agreement with Unisource [Dkt. 38]. At Swope's request, Unisource agreed to language in the consent PI providing that:

> "Unisource and Swope shall in good faith negotiate an agreement regarding the job duties that Swope can perform that are not in violation of the Agreement."

[Dkt. 38.] Accordingly, this Court ordered the parties to negotiate in good-faith regarding a job that Swope could perform that would not violate his Agreement or the PI.

As detailed below, Swope's actions since entry of the PI have necessitated the discovery at issue in this Motion and precipitated the Motion itself.

**A. Swope's Repeated Misrepresentations Regarding His Alleged Employment with Wham-O.**

**1. Swope and Unisource Negotiate a Position as Sustainability Director for Wham-O.**

In compliance with this Court's Preliminary Injunction Order, Unisource in good-faith, and with the expenditure of time and money, negotiated with Swope regarding a non-competitive job that he could perform in compliance with the PI. As part of those

4

negotiations, Swope provided Unisource with a copy of an alleged Job Description for a "Director of Sustainability" position at Wham-O that Swope purportedly intended to pursue and that would involve job duties that are not in violation of his restrictive covenants or the PI. (*See* Nov. 12, 2012 E-mail from Paul Steen attaching job description, attached hereto as Exhibit 8.) Based on Swope's representations, Unisource understood that Swope would not be competing with Unisource but, rather, would be setting sustainability policies and goals for a toy company that does not design, manufacture, or sell packaging. (*Id.*) Swope also requested "an acknowledgement from Unisource that it has reviewed [Swope's] job description at Wham-O and that his work in that position will not violate paragraph 6 of the preliminary injunction as long as he complies with the other provisions of the injunction." (*See* Nov. 13, 2012 E-mail from Polly Rapp to Daniel Hart, attached hereto as Exhibit 9.) As requested, Unisource provided Swope with the written acknowledgement, thereby fulfilling its obligation to negotiate with Swope in good faith. (*See* Nov. 13, 2012 E-mail from Daniel Hart to Polly Rapp, Ex. 9.)

### 2. Swope Makes Numerous Misrepresentations Regarding His Alleged Employment with Wham-O.

Having reached an agreement with Swope regarding the work that he would be performing for Wham-O, Unisource reasonably believed that Swope's representations were truthful and that he was working for Wham-O in the Court-ordered negotiated role. Later, however, Unisource discovered evidence suggesting that Swope might not be performing the Court-ordered negotiated role for Wham-O and that he might be working in a competitive position. As a result, Unisource asked Swope for verification that he was, in fact, performing the job that the parties had agreed upon in compliance with this Court's Order. Thereafter, in an apparent attempt to mislead Unisource into continuing to believe that he was working in the Court-ordered negotiated role, Swope made a series of additional representations regarding his activities that Unisource has since discovered to

15670086v.8

be false:  For example:

1. Swope's Representation: Working as Director of Sustainability for Wham-O (Ex. 8-9).

   Actual: Swope never worked for Wham-O.  (*See* Feb. 1 E-mail from Polly Rapp to Daniel Hart with attached Independent Contractor Agreement with Sprig Toys, attached hereto as Exhibit 10.)

2. Swope's Representation: Created Linked-In profile listing position as Director of Sustainability for Wham-O.  (*See* Linked-In Profile, attached hereto as Exhibit 11.)

   Actual: Swope never worked for Wham-O.  (*See supra.*)

3. Swope's Representation: Swope "took a trip to London and South Africa with Wham-O's CEO in late November-early December, and *Wham-O arranged and paid his airfare and hotel expenses for the trip.*" (*See* Jan. 11, 2013 E-mail from Polly Rapp to Daniel Hart, attached hereto as Exhibit 12) (emphasis added).

   Actual: "[O]n approximately November 27, 2012 to approximately December 2, 2012, Swope went to South Africa, with a stop-over in London, England, to view machinery, *the trip was paid for by [Defendant] Gene Bearinger/Earth Recycle, Inc., North America.*"  (Ex. 3 at 13) (emphasis added)[4]

4. Swope's Representation: The purpose of Swope's visit to England and South Africa was  "to introduce Mr. Swope to Wham-O's business and determine the services that he would be providing."  (Ex. 12.)

   Actual: Swope traveled to South Africa to view machinery for the manufacture of competitive products.  (*See* Ex. 3 at 13; Swope's Responses to Requests to Admit, attached hereto as Exhibit 13, at 11-12.)

5. Swope's Representation: Invoiced "Wham-O Sprig Toys" for services beginning on December 15, 2012.  (Ex. 12.)

   Actual: Swope did not begin his independent contractor relationship with Sprig Toys until January 3, 2013 and had not yet issued an invoice for his services as

---

[4] As noted in Unisource's Second Amended Complaint, Earth Recycle, Inc. is a competitor of Unisource.  (*See* Second Am. Compl. [Dkt. 64] ¶ 22.)

15670086v.8

of January 28, 2013.  (*See* Jan. 28, 2013 E-mail from Polly Rapp to Daniel Hart with purported e-mail from Aguilar, attached hereto as Exhibit 14.)

6.   Swope's Representation: Billed Wham-O for $16,151.21 for services, including "[a]nalysis of current sustainability strategy."  (Ex. 12.)

Truth: Swope did not invoice Wham-O for his alleged services but, rather, obtained payment of  $10,000 approximately every two weeks through payments that Aguilar made to a PayPal account from his personal e-mail address.  (*See* PayPal e-mail receipts produced by Sprig Toys, attached hereto as Exhibit 15.)

### B.   Unisource's Repeated Attempts to Obtain Relevant Documents and Information.

Because Unisource was concerned that Swope was misleading it and might actually be working for a competitor and not in the Court-ordered negotiated role for Wham-O, a toy company, Unisource attempted to obtain information from the Third Parties about Swope's purported employment as Director of Sustainability.   To Unisource's surprise, the Third Parties steadfastly refused to produce all but a handful of the requested documents, ultimately requiring Unisource to file a Motion to Enforce Subpoenas in the Central District of California.  *See* Motion to Compel Third Parties to Produce Documents Pursuant to Subpoenas [C.D. Cal. Dkt. 1] and Joint Stipulation of Discovery Dispute [C.D. Cal. Dkt. 3], *Unisource Worldwide, Inc. v. Swope, et al.*, No. 2:13-cv-02822-DSF-JEM (C.D. Cal. April 22, 2013) (available through PACER).  As noted above, earlier this week Judge McDermott granted Unisource's Motion and ordered the Third Parties to produce responsive documents by May 21.  (*See* Ex. 7.)

In addition, Unisource attempted to obtain relevant documents directly from Swope through simple discovery requests which are at issue in this Motion.   Specifically, Unisource requested the following:

### Interrogatories

Interrogatory No. 9: "Identify any communications (oral or in writing) that you have had with any agent, officer, director, or employee of Sprig Toys, Inc. or

7

15670086v.8

Wham-O, Inc. from August 1, 2012 to the present.  As to each such communication, describe in detail the communication or contact, including its content, with whom you spoke, the date the communication occurred, all persons whom you believe have knowledge of the communication or contact, the place or manner of the communication or contact, and all documents that relate in any way to any part of your response, including, but not limited to, e-mails, text messages, letters, facsimiles, tweets, Facebook posts or messages, and telephone records."

Interrogatory No. 10: "Identify any communications (oral or in writing) that you have had with Kyle Aguilar and/or Mike Rosales from August 1, 2012 to the present.  As to each such communication, describe in detail the communication or contact, including its content, with whom you spoke, the date the communication occurred, all persons whom you believe have knowledge of the communication or contact, the place or manner of the communication or contact, and all documents that relate in any way to any part of your response, including, but not limited to, e-mails, text messages, letters, facsimiles, tweets, Facebook posts or messages, and telephone records."

## **Requests for Production**

Request No. 2: "All documents that relate to, bear upon, or provide evidence of your employment, prospective employment, or consulting or independent contractor relationship with Sprig Toys, Inc. and/or Wham-O, Inc., including, but not limited to: employment applications; offer letters; records of wages or fees paid to you; invoices; policy manuals and employee handbooks; disciplinary rules; job assignments, descriptions, and evaluations; performance appraisals or evaluations; employee benefit plan documents, summary plan descriptions, or requests for benefits; workers' compensation claims; disciplinary actions taken against you; complaints made to managerial or supervisory employees; correspondence, memoranda, complaints, or grievances prepared by you or anyone acting on your behalf regarding any employment issues, including the separation of your employment with Unisource, your contractual obligations to Unisource, or your involvement in the present litigation; correspondence, memoranda, complaints, or grievances prepared by any other current or former employee of Sprig Toys, Inc. and/or Wham-O regarding any employment issues pertaining to you; and any diaries, journals, calendars (including Outlook or other electronic calendars), notebooks, or notes maintained by you during your employment, prospective employment, or consulting or independent contractor relationship with Sprig Toys, Inc. and/or Wham-O, Inc."

Request No. 4: "All documents that relate to, bear upon, or provide evidence in support of any communications (oral or in writing) that you have had with any

8

agent, officer, director, employee, or contractor of Sprig Toys, Inc. from August 1, 2012 to the present, including, but not limited to, e-mails, text messages, letters, facsimiles, tweets, Facebook posts or messages, LinkedIn messages, and telephone records."

Request No. 5: "All documents that relate to, bear upon, or provide evidence in support of any communications (oral or in writing) that you have had with any agent, officer, director, employee, or contractor of Wham-O from August 1, 2012 to the present, including, but not limited to, e-mails, text messages, letters, facsimiles, tweets, Facebook posts or messages, LinkedIn messages, and telephone records."

Request No. 6: "All documents that relate to, bear upon, or provide evidence in support of any communications (oral or in writing) that you have had with Kyle Aguilar from August 1, 2012 to the present, including, but not limited to, e-mails, text messages, letters, facsimiles, tweets, Facebook posts or messages, LinkedIn messages, and telephone records."

Request No. 7: "All documents that relate to, bear upon, or provide evidence in support of any communications (oral or in writing) that you have had with Mike Rosales from August 1, 2012 to the present, including, but not limited to, e-mails, text messages, letters, facsimiles, tweets, Facebook posts or messages, LinkedIn messages, and telephone records.

(Ex. 1, 2).

Despite these requests, Swope has refused to produce all but a handful of responsive documents and has not provided substantive responses to interrogatories. In response to Interrogatories Nos. 9 and 10, Swope responded that he "will produce" responsive documents pursuant to Rule 33(d) but objected to the extent that the Interrogatories seek information "about communications which may be confidential or which contain trade secrets or other confidential and proprietary information belonging to third parties." (*See* Ex. 3.) Likewise, in response to Requests Nos. 2 and 4-7, Swope responded that he "will produce" responsive documents but only if they "do not contain the confidential and proprietary information" of third parties. (*See* Ex. 4). As noted above, although Swope has produced some responsive documents, a log provided by the Third Parties' counsel (and purportedly created by Swope's counsel) demonstrates that at

9

15670086v.8

least 261 e-mails with attachments exist and are responsive to these requests.  (Ex. 5; *see also* Joint Summary of Discovery Dispute [Dkt. 101], Ex. C.)   The vast majority of these e-mails have not been produced by either Swope or the Third Parties.

In an effort to resolve this dispute in accordance with Fed. R. Civ. P. 37 and Paragraph 6 of this Court's standard Scheduling Order, Unisource's counsel met and conferred with Swope's counsel on April 24, 2013.  During their telephone conference, Swope's counsel represented that Swope will not agree to produce these documents because they contain confidential business records of a third-party "competitor" of Unisource.  (*See* August 25, 2013 Letter from Bob Stevens to Kimberly Warshawsky, attached hereto as Exhibit 16.)[5]  In a final effort to resolve this dispute, counsel for Unisource then sent a letter to Swope's counsel requesting that Swope reconsider his position.  (*Id.*)  Swope stood by his position, thus forcing Unisource to incur the costs and attorneys' fees in filing the parties' Joint Summary of Discovery Dispute [Dkt. 101] and this Motion.

## II.    ARGUMENT

### A.    The Requested Information and Documents are Clearly Relevant to this Action and Discoverable.

The  information sought by Unisource responsive to Interrogatories Nos. 9 and 10 and Requests Nos. 2 and 4-7 are clearly discoverable under the broad and liberal discovery provisions of the Federal Rules.  It is well-established that "[t]he scope of discovery under the Federal Rules is extremely broad."  *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  Under Rule 26(b), "parties may obtain discovery

---

[5] In the parties Joint Summary of Discovery Dispute [Dkt. 101], Swope contends that Sprig Toys, Inc. is not a competitor of Unisource but does not address whether Sprig Technologies or the newly-created Sprig Tech, LLC are competitive.  While this parsing of legal entity names raises concerns regarding potential corporate shell games, Swope's own description of Sprig Technologies' business to Unisource customers strongly suggests that Swope is working for a direct competitor of Unisource.

15670086v.8

regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Moreover, the Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

In light of this broad definition of relevance set forth in the Rules, "Rule 26(b)(1) is to be construed broadly, and encompasses any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case." *Wright v. Brewer*, No. cv-10-6118-PK, 2011 WL 7091810, at *3 (D. Or. Nov. 30, 2011). Accordingly, as the party opposing production of responsive documents and information, Swope bears the burden of demonstrating that the documents and information requested by Unisource are not relevant, notwithstanding these broad rules of discovery. *See id.* ("the opposing party bears the burden of establishing that the discovery is overly broad, unduly burdensome or not relevant").

Swope falls far short of this burden, as even a cursory review of the e-mail log provided by the Third Parties' counsel [Dkt. 101, Ex. C] demonstrates that the documents and information withheld by Swope clearly "encompass any matter that bears on, or that reasonably could lead to other matters that would bear on, any issue that is or may be in the case." At its heart, this action is about whether Swope is competing or attempting to compete with the "Business of Unisource" – which, as defined in Swope's Agreement, includes "designing, engineering, manufacturing, selling, distributing or otherwise providing or creating packaging products, supplies, systems and/or equipment" (*see* Swope Agreement [Dkt. 64-1] ¶ 1.b) – or misappropriating trade secrets in violation of his Agreement, Arizona law, and this Court's Preliminary Injunction. Furthermore, the fact

11

15670086v.8

that Swope is withholding this information because it is purportedly confidential information of a third-party competitor clearly demonstrates its relevance. The header information in the e-mail log produced by the Third Parties strongly suggests that Swope is currently engaged in the precise business from which he is contractually and by Court Order prohibited from engaging. (*See, e.g.,* references to "hydraulic injection machines," "Molds Tested with Sprigwood," "Sprigwood samples," "Sustainable 3D," "Sprig Tech Blu Ray packaging," and "Sustainable Sony DVD cases," Ex. 5) Such information and documents reflecting Swope's current work activities could not be more relevant to this action. (*See* Ex. 7) (finding that the requested documents are relevant and discoverable.)

### B. Swope's Objections do not Justify Swope's Refusal to Produce the Documents and Information Requested.

In light of the clear relevance and discoverability of the information and documents requested by Unisource, Swope's objections do not justify Swope's refusal to produce the documents and information. Swope objects to producing the requested documents and information on the grounds that (1) the requested documents contain "confidential information about Sprig's business" and (2) that, in light of the alleged confidentiality of the documents, this Court should not rule on this issue until after the Central District of California rules on Unisource's Motion to Compel the Third Parties to produce the requested documents. (*See* Joint Summary of Discovery Dispute [Dkt. 101].) Now that Judge McDermott has ordered the Third Parties to produce the requested documents, Swope's objections are moot.

Even if Swope's objections were not moot, they cannot justify Swope's continued refusal to provide complete interrogatory responses and produce the requested documents. "It is well-established that the burden is on the objecting party to show grounds for failing to provide the requested discovery." *In re: Toys R Us-Del., Inc. FACTA,* No. ML 08-1980 MMM, 2010 WL 4942645, at *5 (C.D. Cal. July 29, 2010) (internal citations omitted).

15670086v.8

Moreover, the responding party cannot simply invoke generalized objections. *Id.* Rather, the objecting party must submit affidavits or offer evidence in support of its objections. *Id.* Swope fails to submit any evidence to explain why he cannot produce the responsive documents in his possession.   Under the Consent Protective Order previously entered by this Court, Swope can designate documents as subject to "Attorneys Eyes Only" protection if he believes that the documents in question are too sensitive to be produced to Unisource without such protection. (*See* Consent Protective Order [Dkt. 31].)  There is simply no reason why concerns regarding the confidentiality of the documents or information in question cannot be addressed through the procedures set forth in the Protective Order.

Indeed, in his Order compelling the Third Parties to produce the requested documents, Judge McDermott has already considered and roundly rejected this argument, noting that the Third Parties can produce the documents pursuant to the Protective Order already entered by this Court. (*See* Exhibit 7.)   For the same reasons articulated by Judge McDermott, Unisource respectfully requests that this Court adopt the same approach and order Swope to provide complete interrogatory responses and produce any responsive documents in his possession responsive to Unisource's discovery requests.

### C.    This Court Should Award Unisource its Costs and Fees

Finally, this Court should award Unisource its costs and fees incurred in bringing this Motion. Fed. R. Civ. P. 37 provides:

> If the motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

13

15670086v.8

(ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)   other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5) (emphasis added).

Here, because none of the exceptions set forth in Rule 37(a)(5) are present, an award of costs and attorneys' fees to Unisource is warranted. Indeed, as explained above, Unisource attempted to obtain the documents and information at issue for over five months before seeking judicial intervention, and Swope's refusal to provide the requested information and documents is not substantially justified. On the contrary, Judge McDermott has already concluded that the Third Parties' objections lack merit. (Ex. 7 at 3.) Accordingly, because Swope's objections are identical to some of those asserted by the Third Parties, Swope's objections are also without merit and do not warrant a departure from Rule 37's mandatory fee-shifting provision. *See GMAC Real Estate, LLC v. Joseph Carl Sec., Inc.*, No. CV10–192, 2010 WL 432318, at *2 (D. Ariz. Feb. 03, 2010) (granting reasonable attorneys' fees to prevailing movant on motion to compel discovery, noting deterrent effect of sanctions under Rule 37).

## III.   CONCLUSION

For the reasons set forth above, Unisource respectfully requests that this Court grant its Motion and enter an Order:

(a)    Compelling Defendant Troy Swope to provide complete sworn responses to Interrogatories Nos. 9 and 10 from Unisource's Second Set of Interrogatories;

(b)    Compelling Swope to produce e-mails and other documents responsive to Requests Nos. 2 and 4-7 from Unisource's Second Request for Production of Documents (including, but not limited to, the 261 e-mails reflected in the log submitted to the Court as Exhibit C to Dkt. 101);

14

15670086v.8

(b)   Granting Unisource its attorneys' fees and costs reasonably incurred in bringing this Motion; and

(c)   Granting Unisource such other relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED this 16th day of May, 2013.

SEYFARTH SHAW LLP

By:   */s/ Daniel P. Hart*

Robert C. Stevens (*admitted pro hac vice*)
Daniel P. Hart (*admitted pro hac vice*)
Erin McPhail Wetty (*admitted pro hac vice*)
Attorneys for Plaintiff
Unisource Worldwide, Inc.

By their signatures above, counsel for Unisource certify that they have attempted to resolve this matter through personal consultation and sincere effort as required by L.R. Civ. 7.2(j) but have reached an impasse.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2013, I electronically transmitted **PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANT TROY SWOPE** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ *Daniel P. Hart*
Daniel P. Hart

15

15670086v.8